UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION.,

Plaintiff,

v.

NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION,

Defendant.

Civil Action No. 23-00829 (TSC)

## ANSWER

Defendant National Archives and Records Administration ("Defendant") respectfully answers plaintiff America First Legal Foundation's complaint (the "Complaint"), ECF No. 1, in this Freedom of Information Act ("FOIA") case. Defendant denies each and every allegation in the Complaint not expressly admitted herein. Defendant reserves its right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation. Defendant answers the complaint using the same headings as set forth in Plaintiff's complaint.

## COMPLAINT

1.    This paragraph consists of Plaintiff's description of the lawsuit to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

## JURISDICTION AND VENUE

2.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction.

3.      This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant admits that venue may be found in this judicial district.

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendant admits that it is a federal agency and is subject to FOIA.

## FACTS

6.      This paragraph consists of factual background concerning Plaintiff about which Defendant lacks sufficient knowledge to form a belief.

7.      This paragraph consists of factual background concerning the Court of International Trade about which Defendant lacks sufficient knowledge to form a belief.

8.      This paragraph consists of factual background concerning Plaintiff about which Defendant lacks sufficient knowledge to form a belief.

9.      This paragraph consists of factual background concerning Plaintiff about which Defendant lacks sufficient knowledge to form a belief.

10.      Defendant admits that Plaintiff submitted a FOIA request on October 31, 2022.[1] To the extent that the allegations in this Paragraph purport to characterize the contents of the cited document, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11.      Defendant admits it responded via email to Plaintiff on November 3, 2022. To the extent that the allegations in this Paragraph purport to characterize the contents of the cited

---

[1]      The complaint uses a date of June 13, 2022 for the initial FOIA request. However, the exhibit attached has a date of October 31, 2022, which corresponds with NARA's records.

document, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits it responded via email to Plaintiff on November 3, 2022. To the extent that the allegations in this Paragraph purport to characterize the contents of the cited document, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     Defendant admits it responded via email to Plaintiff on November 3, 2022. To the extent that the allegations in this Paragraph purport to characterize the contents of the cited document, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14.     Defendant admits.

## CLAIM FOR RELIEF

15.     Defendant incorporates its response to paragraphs 1-14 above as though fully set forth herein.

16-19.  These paragraphs all consist of conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraphs 16-19.

## RELIEF REQUESTED

The remainder of the Complaint consists of plaintiff's requests for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

### FOURTH DEFENSE

This is an improper FOIA request as Plaintiff has failed to reasonably describe the documents or information requested.

Dated: May 4, 2023
      Washington, DC

                  Respectfully submitted,

                  MATTHEW M. GRAVES, D.C. Bar #481052
                  United States Attorney

                  BRIAN P. HUDAK
                  Chief, Civil Division


                  By: _____ */s/ Thomas W. Duffey* _____
                     THOMAS W. DUFFEY
                     Assistant United States Attorney
                     601 D Street, NW
                     Washington, DC 20530
                     (202) 252-2510
                     Thomas.duffey@usdoj.gov

                  *Attorneys for the United States of America*